# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BREIT MF VERA LLC, a foreign
limited liability company d/b/a Vera
Apartments,

    Plaintiff,

v.                                        Case No. 3:23-cv-313-TJC-PDB

JAMES KEEFER, an individual,

    Defendant.

## O R D E R

This case is before the Court on Plaintiff Briet MF Vera LLC's Motion to Remand. (Doc. 5). Pro se Defendant James Keefer removed this case to federal court based on 28 U.S.C. § 1331 (federal question jurisdiction). (Doc. 1 ¶ 3). The time for Keefer to respond has passed.

Under 28 U.S.C. § 1441(a), state court cases may be removed to federal court if the federal court would have original jurisdiction over the case. Section 1331, one basis of federal jurisdiction, often referred to as federal question jurisdiction, states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Removal based on § 1331 is proper when a complaint in state court alleges either a federal claim or a state law claim that necessarily raises a stated

federal issue, "actually disputed and substantial." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). In most cases, federal claims "are those in which federal law creates the cause of action." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Here, that the case was removed under the federal removal statute does not necessarily mean that federal question jurisdiction is present; the Court must instead look to what is alleged in the complaint. See id. at 806 n.2.

Here, Plaintiff pleads two causes of action against Keefer, eviction of tenant and damages based on a breach of a residential lease and a settlement agreement. (Doc. 2 at 3–4). Nothing in the complaint raises a federal question. See Summerhill Partners LLC v. Grimes, No. 6:17-cv-288-ORL-37-GJK, 2017 WL 9398651, at *2 (M.D. Fla. Feb. 22, 2017), report and recommendation adopted, No. 6:17-cv-288-ORL-37-GJK, 2017 WL 991478 (M.D. Fla. Mar. 15, 2017) ("The eviction process for failure to pay rent is governed by the law of the state of Florida.") (citation omitted); Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006) (describing the elements for a breach of contract claim under Florida law). Just because the settlement agreement was entered into, in part, as a result of a federal bankruptcy proceeding does not make the case a federal case. Further, diversity jurisdiction is not appropriate here because the amount in controversy does not exceed $75,000. See 28 U.S.C. § 1332(a); (Doc.

2

2 ¶ 14). The Court does not have jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.

2. The case is **REMANDED** to the County Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of May, 2023.



ckm
Copies:

Pro se Defendant
James Keefer
P.O. Box 58103
Jacksonville, FL 32241

Counsel of record

Clerk, County Court Fourth Judicial Circuit, Duval County

3